IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| BRAXTON MINERALS, III, LLC, et al., **Plaintiffs**, v. ANTERO RESOURCES CORPORATION, **Defendant.** | CIVIL ACTION NO.: 1:21-CV-119 (JUDGE KLEEH) |

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' SECOND MOTION TO COMPEL [ECF NO. 106]**

Presently pending before the Court is a second motion to compel discovery [ECF No. 106] filed by Plaintiffs on September 18, 2024. By Referral Order [ECF No. 107] entered on September 19, 2024, the Hon. Thomas S. Kleeh, Chief United States District Judge, referred the motion [ECF No. 106] to the undersigned United States Magistrate Judge for hearing and disposition. On September 26, 2024, the undersigned convened a Status Conference, by videoconference, concerning the motion. At the Status Conference appeared counsel for the respective parties. During the Status Conference, Defendant's counsel requested the opportunity to file a response brief in the usual course of the scheduling for doing so. To that end, the Court also is in receipt of Defendant's response [ECF No. 110] in opposition to the motion, filed on October 2, 2024. And the Court is in receipt of Plaintiffs' reply [ECF No. 112] in support of their motion, as well as the sealed exhibits in support [ECF No. 114] of the reply, filed on October 9, 2024.

After a thorough review of the motion, response, and reply, and of the record herein and pertinent legal authority, the Court hereby **GRANTS** Plaintiffs' motion as more fully set forth herein.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The undersigned previously addressed a discovery dispute in this matter which concerned the materials which now are at issue in Plaintiffs' second motion to compel. As the undersigned set forth in a prior Order [ECF No. 103], Plaintiffs seek to certify a class action. The claims pertain to Defendant's oil and gas royalty payments and the propriety of deduction of post-production expenses under its oil and gas leases. Plaintiffs base their claims on prior, seminal oil and gas royalty cases such as Estate of Tawney v. Columbia Natural Resources, LLC, 633 S.E.2d 22, 27-30 (W. Va. 2006) and Wellman v. Energy Resources, Inc., 557 S.E.2nd 254, 265 (W. Va. 2001). As in Tawney and other such cases, Plaintiffs claim that Defendant was to pay royalties on prices it received at the point of sale, without deducting Defendant's post-production expenses. Plaintiffs challenge the deduction of such expenses.

In that prior discovery dispute, the undersigned addressed the scope of the discovery which Plaintiffs sought – that being the degree to which Plaintiffs may obtain copies of Defendant's West Virginia oil and gas leases. Ultimately, the undersigned ordered that Defendant must produce a subset of its West Virginia leases. [ECF Nos. 92, 103]. It now appears that Defendant has produced the leases, as ordered. However, Plaintiffs take issue with Defendant's redactions of those leases. The redacted information seems to concern, for example: the names of parties to the leases, the addresses/locations of parties to the leases, book and page numbers indicating where the instruments are publicly recorded in a given County Clerk's Office, notary stamps, dates of the leases, and the locations of the wells which are the subject of the leases. By their second motion to compel, Plaintiffs request that Defendant be ordered to produce unredacted versions of those leases.

## II. REVIEW AND ANALYSIS

The overarching provision which governs the scope of discovery under the Federal Rules of Civil Procedure is that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit.

Fed. R. Civ. P. 26(b)(1). And information need not be admissible to be discoverable. Id. In this context, as the Fourth Circuit has instructed:

> All civil discovery, whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) in two fundamental ways. First, the matter sought must be "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance is not, on its own, a high bar. There may be a mountain of documents and emails that are relevant in some way to the parties' dispute, even though much of it is uninteresting or cumulative. Rule 26 therefore imposes another requirement: discovery must also be "proportional to the needs of the case." Id. Proportionality requires courts to consider, among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. This relieves parties from the burden of taking unreasonable steps to ferret out every relevant document.

Virginia Dep't of Corr. v. Jordan, 921 F.3d 180, 188–89 (4th Cir. 2019). Plus, in engaging in discovery for class action matters such as this one, one pertinent rule sets forth that:

> **Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). See also Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 349 (2011)(explaining that "The Rule's four requirements – numerosity, commonality, typicality, and adequate representation – effectively limit the class claims to those fairly encompassed by the

3

named plaintiff's claims." (citations and quotations omitted)). And to maintain a class action, aside from meeting the requirements of Rule 23**(a)**, claimants must also demonstrate that the action falls within one of the three types of actions set forth in Fed. R. Civ. P. 23**(b)**. Therefore, when a discovery dispute is about information sought to identify a putative class, Rule 26 and Rule 23 must be read together to allow, within reason, discovery which might aid in satisfying the requirements for defining a class.

To be clear, in the prior discovery dispute which the undersigned addressed herein, the issue of whether Defendant may redact leases which it produces in discovery was not squarely addressed. The undersigned now does so.

In support of the second motion to compel, to obtain unredacted leases, Plaintiffs argue that the redacted information is needed to attempt to certify the class. By having the redacted information, Plaintiffs can more concretely determine the number of leases/class members at issue, and thus make their most accurate argument on the "numerosity" requirement of Rule 23. Moreover, Plaintiffs argue, the redacted information will help determine whether the named Plaintiffs are adequate class representatives, and will be crucial in actually identifying the class members.

Defendant argues that the information is properly redacted because, until a class is certified, Defendant does not want its royalty owners to be contacted. Defendant also stresses that the information pertains to third parties, who have a privacy interest. Finally, Defendant argues that the redaction is consistent with the approach which this Court allowed in a similar matter pending in this Court, <u>Romeo v. Antero Res. Corp.</u>, Case No. 1:17-CV-88.

Upon review, the undersigned is persuaded by the arguments which Plaintiffs make about the need to accurately evaluate, organize, and cogently present information about members of the

4

putative class. To be consistent with <u>Dukes</u> and similar directives, Plaintiffs should have the benefit of the redacted information, so that they can verify who is in the putative class. This will most efficiently allow the Court and the parties to evaluate the commonality and typicality requirements in the class certification phase. See <u>Zimmerman v. Bell</u>, 800 F.2d 386, 390 (4th Cir. 1986).

At the hearing of September 26, 2024, Plaintiffs helpfully contextualized the Court's approach in <u>Romeo</u> vis-à-vis the discovery dispute in the instant matter. During one discovery dispute in <u>Romeo</u>, the Court allowed Antero to redact certain information contained in the leases produced in discovery. In so doing, the Court relied on the representation that having payee numbers rather than royalty owners' names and other identifying information, would allow a plaintiff to precisely ascertain the information needed to certify the class.

In theory, such an approach made sense. But as a practical matter, it appears that the approach was inefficient and confounding, resulting in further discovery requests and disputes which could have been avoided if unredacted leases had been provided in the first place. What is more, as Plaintiffs noted during the September 26 hearing, the <u>Romeo</u> class involved fewer than 400 leases. But based on preliminary information, it appears that leases in the instant matter number more than 8,000. Thus, the laborious process which the parties undertook to identify class members in <u>Romeo</u> would be compounded, severalfold, if replicated here.

The undersigned also gives weight to Plaintiffs' argument about how unredacted records will allow for a much more efficient process to identify the putative class, given the nuances of Appalachian mineral title/leasing. As practitioners well know, the region's land and mineral records (particularly in the oil and gas context) can represent many pieces of an intricate puzzle to reveal how a mineral estate is owned and controlled. Review of the record can quicky become

5

indescribably complicated, even when all information contained in the record is readily available. The review which Plaintiffs' counsel will undertake even with <u>unredacted</u> information is daunting enough; it becomes a practical impossibility with the redactions in place. For instance, a royalty interest in a lease executed decades ago could be assigned or otherwise conveyed a myriad of ways – to one or more other parties, in fractional interests, etc. What is more, it is common for certain lessors/royalty owners to hold multiple interests across various properties – so one cannot assume that a person or entity named in a lease as a "party one" is associated with only one mineral estate. Thus, for Plaintiffs to make sense of the information they have been given for instruments which approach 10,000 in number, common sense dictates that they need to have <u>all</u> information contained in the records at issue, not a subset of that information.

On a related issue, it seems that the bulk of the materials which Defendant has provided are actually of public record. Thus, there is no compelling reason to designate them as "confidential" under the Protective Order, and Defendant may not do so. <u>See</u> <u>Gonzalez v. Cuccinelli</u>, 985 F.3d 357, 376 (4th Cir. 2021). However, it also appears that certain materials Defendant produced are <u>not</u> of public record; rather, what is of public record for those instruments are <u>memoranda</u> of leases which summarize the leases' basic terms, not the leases themselves. Any memoranda of lease which are of public record should not be designated "confidential," but the underlying instruments which are <u>not</u> of public record may be so designated as "confidential." In fact, Plaintiffs agree that such underlying, un-recorded instruments may rightly be designated as "confidential."

### III. CONCLUSION

Accordingly, for the reasons set forth herein, Plaintiffs' second motion to compel [ECF No. 106] is hereby **GRANTED**. It is so **ORDERED**. It is further **ORDERED** that Defendant

shall provide to Plaintiffs, forthwith, unredacted versions of the materials at issue, consistent with this Order.

It is all so **ORDERED**.

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: October 24, 2024.**

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE